Bond and Mortgage Guarantee Company, Plaintiff, *v.*
Alice M. White et al., Defendants.

(County Court, Kings County, May, 1913.)

Tender — unconditional tender of certified check and currency for
amount of principal and interest — when kept good — mortgages
— foreclosure.

Where defendant immediately upon purchasing certain prem-
ises, for the purpose of paying off a mortgage thereon and
procuring a discharge or assignment thereof, took steps through
her attorney to ascertain the name and address of the holder
of the mortgage but was unable to ascertain her residence and
post-office address until after the commencement of an action
to foreclose the mortgage, and had no information as to its
having been assigned to plaintiff until after that time, and it
appears that during all of the time that plaintiff's assignor held
the mortgage plaintiff acted as her agent or attorney and re-
ceived the interest on the mortgage for her and was authorized
to receive the principal when due, and defendant's attorney
makes an unconditional tender of a certified check and currency
for the amount of the interest and principal due on the day of
the tender, it is fair to conclude that defendant was ready,
willing and able at all times from and including the day of
tender to pay the mortgage, and it must be held that the tender
was kept good; defendant, therefore, is entitled to a judgment
dismissing the complaint and requiring plaintiff to either assign
or discharge the mortgage, with costs.

Action to foreclose a mortgage.

Harry L. Thompson, for plaintiff.

Daniel F. Kiely (L. M. Berkley, of counsel), for
defendant Alice M. White.

Ferris, J. Plaintiff brings this action to fore-
close a mortgage given July 26, 1909, to the Title Guar-

antee and Trust Company, by the defendant Lucas and his wife, Jennie B. Lucas, to secure a bond conditioned for the payment of the sum of $4,000 and interest, in three years from the date thereof. On or about the 4th day of November, 1909, Alice G. Lawrence purchased said bond and mortgage and took an assignment thereof from said Title Guarantee and Trust Company, which said assignment was recorded on the 4th day of November, 1912. On the day last mentioned the plaintiff purchased said bond and mortgage and took an assignment thereof from said Lawrence.

The defendant Alice M. White purchased the premises covered by said mortgage on or about October 19, 1911, and is the owner and in possession thereof, subject to the lien of said mortgage. Immediately after becoming the owner of said premises she took steps through her attorney, L. M. Berkley, to ascertain the name and address of the holder of the mortgage for the purpose of paying the same and having it discharged or transferred to a creditor of her own choosing. The correspondence, passing between Mr. Berkley and the plaintiff from October 23, 1911, to September 14, 1912, shows that Mr. Berkley was active and diligent in behalf of his client in his efforts to ascertain who owned the mortgage and to pay off the same and procure a discharge or assignment thereof from the owner.

Plaintiff refused to disclose the name and address of the owner until September 14, 1912, when it did disclose the name of the owner, Mrs. Lawrence, but still refused to disclose her place of residence and post-office address. Defendant was unable to ascertain the place of residence and post-office address until after the commencement of this action, and had no information that the mortgage in question was assigned to plaintiff until after that time. During all the time

County Court, Kings County, May, 1913.    [Vol. 81.

that Mrs. Lawrence held the mortgage, the plaintiff acted as her agent or attorney and received the interest on the mortgage for her, and was authorized to receive the principal when it fell due.

On the 14th day of September, 1912, Mr. Berkley drew his check, payable to the order of himself, on the Lawyers' Title Insurance and Trust Company, located at 160 Broadway, borough of Manhattan, for the sum of $4,090, and on the same day procured said check to be duly certified by said Lawyers' Title Insurance and Trust Company, indorsed the same in blank, and on the same day duly tendered said check, together with fifty-five cents in currency, the amount of principal and interest due on that day, to the plaintiff, in payment of said bond and mortgage, which check and currency plaintiff refused to accept. The plaintiff claims that no such tender was made. There is no dispute but that the defendant, through her attorney, had been endeavoring for a long time, prior to September fourteenth, to ascertain who owned the mortgage in question. She had done at least as much as a diligent person would be expected to do to gain this information. The plaintiff had refused to disclose the name of the owner and had refused to aid the plaintiff in any way in her efforts to gain the information which she sought. She desired to pay the mortgage and have it assigned to someone else.

On the fourteenth day of September, Mr. Berkley at first requested the plaintiff to receive the check and currency and obtain an assignment of the mortgage from the owner, and this plaintiff refused to do. Thereupon Mr. Berkley made an unconditional tender of the check and currency to the plaintiff in payment of the mortgage, which tender plaintiff refused. The plaintiff contends that neither on the fourteenth of September, nor at any other time, did the defendant

personally, or through Mr. Berkley, make a tender as above stated. After considering all of the undisputed evidence, and the fact that the defendant had been endeavoring for many months to pay this mortgage and procure an assignment thereof, and the further fact that the attitude of the plaintiff had been to hinder and obstruct the defendant rather than to aid her, I am of the opinion that the defendant has established by a preponderance of evidence that a tender was actually made, as testified to by Mr. Berkley.

The plaintiff contends that the tender, if made, was not kept good, and that for that reason it is not available as a defense to this action. The check and money tendered by Mr. Berkley was the property of his client, the defendant Alice M. White. Within a short time after this action was commenced, the defendant paid the sum of $4,090.55 into court, pursuant to an order of this court, where the plaintiff can obtain the same upon a proper application. Under the circumstances, it is fair to conclude that the defendant was ready and willing and able at all times from and including September 14, 1912, to pay said mortgage, and I think I must hold that the tender was kept good. As a defense to this action, it was not necessary to keep the tender good. Kortright v. Cady, 21 N. Y. 343; Nelson v. Loder, 132 id. 288. There are many other cases holding this proposition of law. The defendant is entitled to a judgment dismissing the plaintiff's complaint and requiring the plaintiff to either assign or discharge said mortgage, with costs. Inasmuch as the plaintiff has not submitted proposed findings of fact and conclusions of law, and it was understood that plaintiff might submit the same after the action had been decided, the plaintiff may now submit proposed findings of fact and conclusions of law.

Judgment for defendant.